United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

GREGORY AKAY,

Plaintiff,

v.

MAS FINANCIAL SERVICES, INC.,

Defendant.

Case No. 25-cv-07914-VKD

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT AND DENYING PLAINTIFF'S MOTION TO STRIKE**

Re: Dkt. Nos. 59, 63

Pursuant to Rule 12(b)(1), defendant MAS Financial Services, Inc. ("MAS")[1] moves to dismiss plaintiff Gregory Akay's second amended complaint ("SAC"), arguing that Mr. Akay has not established that he has Article III standing. Dkt. No. 59.[2] Mr. Akay opposes the motion. Dkt. No. 60. Upon consideration of the moving and responding papers, as well as the arguments presented at the motion hearing, the Court grants MAS's motion to dismiss for lack of jurisdiction with leave to amend.

[1] Although Mr. Akay's second amended complaint, the operative pleading, continues to name TransUnion, LLC and Experian Information Solutions, Inc. as defendants, the docket reflects that Mr. Akay voluntarily dismissed his claims against both of those defendants. *See* Dkt. Nos. 12, 22, 39, 40. At the hearing on MAS's present motion to dismiss, Mr. Akay confirmed that MAS is the sole remaining defendant. *See* Dkt. No. 68.

[2] MAS argues, in the alternative, that Mr. Akay has not sufficiently stated plausible claims for relief. However, as Judge Lee, the previously presiding judge, denied MAS's prior Rule 12(b)(6) motion to dismiss Mr. Akay's claims (*see* Dkt. No. 45), in the present motion to dismiss, MAS simply states that it "will not re-argue these points," but maintains "its objections to preserve those arguments on appeal." *See* Dkt. No. 59 at 5, 11.

## I. BACKGROUND

Mr. Akay's claims arise out of his automobile loan with MAS. *See* Dkt. No. 56 ¶ 25. Mr. Akay alleges that he settled that loan with MAS as of April 10, 2025, but MAS subsequently sent two additional billing statements indicating that he still owed an outstanding balance on the loan. *See id*. ¶¶ 27-32. Mr. Akay further alleges that the MAS loan erroneously was listed as "Open" on his credit report for nearly two months, until July 4, 2025, when his report was corrected to accurately reflect the status of the loan. *Id*. ¶¶ 36, 39-41. Mr. Akay alleges that "[d]ue to Defendant MAS's inaccurate reporting, [he] had an open debt on his credit report when said debt was paid and closed." *Id*. ¶ 55; *see also id*. ¶¶ 42, 43. He further alleges that "[t]he exact impact of this reporting on [his] creditworthiness is subject to proof at trial via a credit damages expert." *Id*. ¶ 55.

On September 17, 2025, Mr. Akay filed the present action, asserting claims for violation of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq*., the California Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code §§ 1788, *et seq*. and the California Consumer Credit Reporting Agencies Act ("CCCRA"), Cal Civ. Code §§ 1785, *et seq*. Dkt. No. 1. He subsequently filed an amended complaint, as a matter of right, asserting the same three claims for relief. Dkt. No. 14.

On April 7, 2026, Judge Lee granted MAS's Rule 12(b)(1) motion to dismiss Mr. Akay's amended complaint, finding that Mr. Akay's allegations were conclusory and did not establish his standing under Article III of the U.S. Constitution. The Court granted Mr. Akay leave to amend with respect to the issue of his standing. However, Judge Lee denied MAS's Rule 12(b)(6) motion to dismiss Mr. Akay's claims,[3] finding that Mr. Akay's allegations are sufficient, at the pleading stage, to state plausible claims for relief. Dkt. No. 45.

This action subsequently was reassigned to this Court after Mr. Akay and MAS, the only remaining parties, expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 47, 49, 50.

[3] Judge Lee noted that Mr. Akay's Rosenthal Act claim includes sections of the federal Fair Debt Collection Practices Act that are incorporated into the Rosenthal Act. *See* Dkt. No. 45 at 3 n.1.

On April 21, 2026, Mr. Akay filed his second amended complaint ("SAC"), which continues to assert claims for relief under the FCRA, the Rosenthal Act, and the CCCRA. Dkt. No. 56. Once again, MAS moves pursuant to Rule 12(b)(1) to dismiss Mr. Akay's complaint, arguing that the SAC still fails to plead sufficient facts demonstrating Mr. Akay's Article III standing.

## II. LEGAL STANDARD

"[L]ack of Article III standing requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Maya v. Centex Corp*., 658 F.3d 1060, 1067 (9th Cir. 2011). To establish standing, a plaintiff must demonstrate (1) an "injury in fact," (2) that is fairly traceable to the challenged conduct of the defendant, and (3) likely to be redressed by a favorable judicial decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). "To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (citation modified; citation omitted). To be particularized, an injury "must affect the plaintiff in a personal and individual way," and to be concrete, the injury must be real and not abstract. *Id*. at 339-40 (citation modified).

A plaintiff has the burden to establish standing "with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561. "[S]hould a plaintiff fail to meet his standing burden, the lawsuit must be dismissed under Rule 12(b)(1)." *Bass v. Facebook, Inc*., 394 F. Supp. 3d 1024, 1033 (N.D. Cal. 2019).

## III. DISCUSSION

### A. Mr. Akay's Motion to Strike Untimely Reply Brief

Mr. Akay moves pursuant to Rule 12(f) to strike MAS's reply brief as untimely. Dkt. No. 63. As Rule 12(f) addresses the means to excise improper matters from pleadings, Mr. Akay's motion is more properly understood as one pursuant to Rule 6(b), which provides that a court, in its discretion, may accept late filings "on motion made" where the late filing was the result of "excusable neglect." Fed. R. Civ. P. 6(b); *see also Jimenez v. Ford Motor Co.*, No. 21-cv-04967-

VC, 2022 WL 3151973, at *1 (N.D. Cal. Aug. 8, 2022).

Under a regular 35-day briefing schedule, MAS's reply was due by May 26, 2026 (*see* Civil L.R. 7), but MAS did not file it until a week later on June 2, 2026. MAS did not offer a good explanation for its delay. Nor did it file a motion seeking leave to file a belated reply. At the same time, however, MAS's belated filing imposed no prejudice on Mr. Akay. The late reply did not (and could not) impact his ability to prepare and file his opposition papers. The reply responds to arguments Mr. Akay made in his opposition and does not raise any new issues. Mr. Akay had three weeks to review the 8-page reply brief prior to the motion hearing. He also had a full and fair opportunity at that hearing to respond to any matters discussed in MAS's reply. Mr. Akay's motion to strike is denied.

**B. Article III Standing**

The parties primarily dispute whether the SAC alleges sufficient facts plausibly supporting Mr. Akay's Article III standing under principles discussed in *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021) and *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016). MAS maintains that the SAC's allegations regarding Mr. Akay's purported injuries are too conclusory and speculative to support his standing. The Court is not persuaded by MAS's argument that in order establish standing, *TransUnion* requires both disclosure of an inaccurate report to a third party and use of the report in making a credit decision. *See* Dkt. No. 59 at 8.[4] *TransUnion* observed that "[t]he mere presence of an inaccuracy in an internal credit file, if it is not disclosed to a third party, causes no concrete harm." *TransUnion*, 594 U.S. at 434. However, *TransUnion* concluded that there can be concrete injury, sufficient to support Article III standing, where an inaccurate credit report is provided to a third party. *See id*. at 417.

Nonetheless, the Court agrees with MAS that the SAC does not tie Mr. Akay's asserted injuries to the alleged inaccurate information regarding his MAS loan, and therefore fails to plausibly allege a causal connection between the alleged injuries and the conduct complained of.

[4] For filed documents, pin citations refer to the page number appearing on the ECF header on the document.

Mr. Akay vaguely alleges that he "was deprived of the value of the bargain he made with [MAS] to settle the alleged debt." Dkt. No. 56 ¶ 54. But it is not clear why this is so, as there is no allegation that the settlement was rescinded or rejected. Mr. Akay also alleges that he was forced to proceed with a less favorable financing option through Affirm for veterinary services. Dkt. No. 56 ¶ 56. However, there are no allegations regarding when Mr. Akay sought financing through Affirm and whether it occurred during the 55 days when inaccurate information regarding the status of the loan allegedly appeared in his credit report. Additionally, the SAC alleges that Mr. Akay made that financing decision based on his own subjective "underst[anding]" that "his credit was poorer than it ought to have been if [MAS] reported accurately." *Id*. Although the SAC lists a number of companies that allegedly "made an inquiry into [Mr. Akay's] credit" (*id*. ¶ 58), there are no allegations regarding the context of those inquiries or when those inquiries reportedly occurred. While MAS acknowledges that Mr. Akay's allegations regarding the billing notices "could be a cognizable basis for [the CCCRA] claim on the merits" (Dkt. No. 62 at 4), MAS correctly notes that Mr. Akay's emotional distress allegations are specifically tied to MAS's alleged post-settlement billing statements, and not to any alleged inaccurate credit reporting. *See* Dkt. No. 56 ¶ 52. Accordingly, the Court finds that the SAC's allegations are too vague and conclusory to establish Mr. Akay's Article III standing.

Rule 15(a) provides that leave to amend "'should [be] freely give[n] . . . when justice so requires,' because the purpose of the rule is 'to facilitate decision on the merits, rather than on the pleadings or technicalities.'" *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (citation omitted). "The decision of whether to grant leave to amend nevertheless remains within the discretion of the district court," which may deny leave to amend if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the party seeking amendment has acted in bad faith. *Leadsinger v. BMG Music Pub*., 512 F.3d 522, 532 (9th Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

As Mr. Akay has now had two opportunities to amend his complaint, the Court questions whether he plausibly may assert additional allegations addressing the deficiencies discussed in this order. At the motion hearing, Mr. Akay stated that he is able to allege additional facts addressing

United States District Court
Northern District of California

the standing issues discussed above. Accordingly, the Court will give him a further opportunity to amend to establish his standing. Leave to amend is subject to Mr. Akay's obligations under Rule 11, which requires that any claims presented in an amended pleading must be warranted by existing law (or by a nonfrivolous argument for extending or modifying that law) and that any factual allegations must be made in a good faith belief as to the evidentiary support for them. Fed. R. Civ. 11(b).

Mr. Akay's third amended complaint shall not continue to include claims previously asserted against defendants who have been dismissed.

## IV. CONCLUSION

For the reasons discussed above, MAS's Rule 12(b)(1) motion to dismiss Mr. Akay's SAC is granted with leave to amend. Mr. Akay's third amended complaint must be filed by **October 6, 2026**. The further case management conference scheduled for September 22, 2026 is continued to **November 10, 2026, 1:30 p.m.**

**IT IS SO ORDERED.**

Dated: September 21, 2026

Virginia K. DeMarchi
Virginia K. DeMarchi
United States Magistrate Judge